10-3417-ag
Gammeddegoda Liyanage v. Holder

BIA
Hom, IJ
A088 775 709
A088 775 710

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of November, two thousand eleven.

PRESENT:
        GUIDO CALABRESI,
        REENA RAGGI,
        RICHARD C. WESLEY,
                *Circuit Judges.*
_____

SAMPATH GAMMEDDEGODA LIYANAGE, NIMMI IROSHANI DEL SI NANAYAKKARA PALLAGE,
        *Petitioners,*

                v.                                    10-3417-ag
                                                      NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:         Visuvanathan Rudrakumaran, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Douglas E. Ginsburg,

**Assistant Director; Katherine A. Smith, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners Sampath Gammeddegoda Liyanage and Nimmi Iroshani Del Si Nanayakkara Pallage, natives and citizens of Sri Lanka, seek review of a July 27, 2010 order of the BIA, affirming the September 22, 2008, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sampath Gammeddegoda Liyanage, Nimmi Iroshani Del Si Nanayakkara Pallage*, Nos. A088 775 709/710 (B.I.A. July 27, 2010), *aff'g* Nos. A088 775 709/710 (Immig. Ct. N.Y. City Sep. 22, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-

established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

After finding that Petitioners failed to establish past persecution, the agency reasonably determined that Petitioners' fear of future persecution from the Liberation Tigers of Tamil Eelam ("LTTE") lacked a sufficient nexus to a statutorily protected ground.  *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).  Although Petitioners argue that their prior abduction was revenge for Nanayakkara Pallage's father's arrest of LTTE members, they do not challenge the agency's finding that the LTTE's actions did not amount to past persecution.  Moreover, based on Gammeddegoda Liyanage's testimony that the LTTE was interested in him to acquire dynamite from his rock quarrying business, the agency reasonably determined that the LTTE's future contact and threats were not related to a statutorily protected ground.  *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-83 (1992) (holding that the desire of a guerrilla movement to "fill their ranks in order to carry on their war against the government and pursue their political goals . . . does not render the forced recruitment 'persecution on account of . . . political opinion'") (internal citations omitted)).

The agency's determination that Petitioners failed to establish a well-founded fear of future persecution from the Sri Lankan army is also supported by substantial evidence. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). Gammeddegoda Liyanage testified that he had not heard the army had been looking for him since February 2007 and Nanayakkara Pallage testified that the army never made threats as a result of Gammeddegoda Liyanage's refusal to cooperate against the LTTE. Although Gammeddegoda Liyanage testified that the army falsely suspected that he illegally provided dynamite to the LTTE, or was planning to do so, he also testified that his business partner, who signed for the dynamite, had been questioned and released by the army and was in the process of restarting their rock quarrying business. Under these circumstances, the agency's finding that Petitioners failed to establish a well-founded fear of future persecution at the hands of the Sri Lankan army was supported by substantial evidence, as it cannot be said that "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Jian Xing Huang*, 421 F.3d at 129.

4

In addition, Petitioners' contention that the agency failed to consider corroborative affidavits showing a well-founded fear of persecution is without merit. Although the agency did not specifically refer to these documents, because the agency's denial of relief was not based on a lack of corroboration or credibility, the record does not compellingly suggest that the agency failed to consider the evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006). Indeed, nothing in Petitioners' cited evidence contradicts Gammeddegoda Liyanage's own testimony that the army has not sought his whereabouts since February 2007, or the agency's finding that the LTTE's conduct was not motivated by statutorily protected ground. Accordingly, the agency did not err in denying Petitioners' applications for asylum and withholding of removal. *See id.*

Lastly, in denying CAT relief, the agency reasonably relied on Petitioners' failure to demonstrate that they would be tortured with the acquiescence of a public official. *See* 8 C.F.R. § 1208.18(a)(7). The agency noted that the Sri Lankan government took affirmative actions to combat the LTTE as evidenced in Petitioners' claims, but based its decision on Gammeddegoda Liyanage's uncontradicted

5

testimony that neither he nor any member of his family had ever been arrested or physically mistreated by the government of Sri Lanka.  Under these circumstances, the agency did not err in determining that the Petitioners failed to demonstrate that they would more likely than not be tortured upon removal to Sri Lanka.  *See* 8 C.F.R. § 1208.16(c)(2); *Yan Yan Lin v. Holder*, 584 F.3d 75, 82 (2d Cir. 2009).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk